IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHAUN ROSIERE,

                  Plaintiff,

    v.

UNITED STATES OF AMERICA,

                  Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
Nos. 14-4373 (JBS/JS)
14-4647 (JBS/KMW)

**MEMORANDUM OPINION**

**SIMANDLE, Chief Judge:**

    This matter comes before the Court by way of pro se Plaintiff Shaun Rosiere's (hereinafter, "Plaintiff") "MOTION/COMPLAINT for Relief from Judgment or Order Pursuant to Fed.R.Civ.P. 60(d)(1),(3)" in <u>Rosiere v. United States of America</u>, Civil Action No. 14-4373 (JBS/AMD) (hereinafter, "<u>Rosiere I</u>"), and by way of Plaintiff's "COMPLAINT/MOTION" in <u>Rosiere v. United States of America</u>, Civil Action No. 14-4647 (JBS/KMW) (hereinafter, "<u>Rosiere II</u>").[1]  For the reasons that follow, Plaintiff's Complaints will be dismissed for lack of subject matter jurisdiction.[2]  The Court finds as follows:

---

[1] Plaintiff is presently confined in the Federal Correctional Institution in Sandstone, Minnesota.

[2] By letter dated November 5, 2014, Defendant the United States of America (hereinafter, "Defendant") moved to dismiss Plaintiff's <u>Rosiere I</u> Complaint on the basis that the Complaint constituted "an unauthorized § 2255 motion" over which the Court lacked jurisdiction.  [Docket Item 39 in 14-4373.]  Defendant has not answered, moved, or otherwise responded to Plaintiff's <u>Rosiere II</u> Complaint.  Despite the procedural circumstances of

1.    On July 10, 2014, Plaintiff filed a Complaint in

Rosiere I, in which he generally alleges that his criminal

defense counsel in United States of America v. Rosiere, Criminal

Action No. 09-720-01 (GEB) (reassigned to this Court on March

29, 2011), John H. Feiner, rendered ineffective assistance by

failing to review and investigate the presentence investigation

report (hereinafter, the "PSI report") prior to Plaintiff's

sentencing.  [Docket Item 1 at ¶¶ 1, 4, 7.]  In so arguing,

Plaintiff asserts that the "newly" obtained billing records from

Mr. Feiner purportedly reflect that counsel rendered "zero legal

services" in connection with the PSI report.  [Id. at ¶¶ 2, 3,

6.]  Consequently, Plaintiff asserts that counsel's failure "to

investigate" and "verify" the PSI report "cause[d] the

sentencing court to rely on inaccurate information" and to

"abuse[] its discretion and violate[] Plaintiff Rosiere's due

process rights" in imposing a sentence.  [Id. at ¶¶ 7-13.]  In

addition, Plaintiff argues that Mr. Feiner "failed to

communicate" to Plaintiff, to read, and/or to review a plea

agreement dated April 20, 2009 that purportedly would have

---

Rosiere II, the Court possesses an "independent obligation to
determine whether subject matter jurisdiction exists," even if
Defendant has not at this time challenged the Court's
jurisdiction.  Nuveen Mun. Trust ex rel. Nuveen High Yield Mun.
Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293 (3d Cir.
2012) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)).
Moreover, because the Complaints present the same fatal
infirmities, the Court considers them in unison.

resulted in "terms and conditions" more favorable to Plaintiff.[3]

[Id. at ¶¶ 14-16.]  Plaintiff therefore asserts that "he totally

missed out on [a] more favorable earlier plea offer" and,

derivatively, a less severe sentence as a result of the various

instances of counsel's alleged ineffective assistance.  [Id. at

¶ 15.]  Plaintiff's Complaint, accordingly, seeks "to be reset

to the same legal position he was in prior to ineffective

counsel[.]"[4]  [Id. at 24.]

    2.    On July 23, 2014, Plaintiff filed a Complaint in

Rosiere II, in which he generally challenges the validity of a

plea agreement he executed on September 17, 2009 in United

States of America v. Rosiere, Criminal Action No. 09-720-01

(GEB) (reassigned to this Court on March 29, 2011).  Plaintiff

specifically asserts, principally in reliance upon the time

stamps set forth on the docket, that the September 17, 2009 plea

agreement "expired within hours of its own creation" at 12:00

P.M. on September 17, 2009, thereby rendering it impossible for

Plaintiff to validly accept such agreement at 2:15 P.M. on the

_____

[3] By letter dated December 18, 2013, the Court advised Plaintiff
that the record in this action fails to reflect a plea agreement
dated April 20, 2009.  (See Ex. 25 to Pl.'s Rosiere I Compl.)
[4] In addition, Plaintiff seeks an array of information, set forth
in Plaintiff's thirty-eight Freedom of Information Act requests,
concerning the underlying criminal proceeding and various
statistics entirely without connection to this litigation (like,
for example, toilet to shower ratios for the Federal
Correctional Institution in Florence, Colorado).  (Compare Exs.
48-50 to Pl.'s Rosiere I Complaint, with Exs. 51-75 to Pl.'s
Rosiere I Complaint.)

same day.  [Docket Item 1 at ¶¶ 1-3.]  Plaintiff, accordingly,

asserts that the plea agreement, even in executed form, "must be

deemed unenforceable."  [Id. at 12-13.]  In addition, and as in

Rosiere I, Plaintiff argues that Mr. Feiner committed an array

of ethical violations in connection with his representation of

Plaintiff in the underlying criminal proceeding, particularly to

the extent that Mr. Feiner represented Defendant in the criminal

action without being admitted pro hac vice.[5]  [Id.]  Plaintiff's

Complaint, as in Rosiere I, accordingly seeks "to be reset to

the same legal position he was in prior to unlicensed counsel,

John H. Feiner's, conduct[.]"  [Id. at 13.]

    3.   On July 29, 2011, Plaintiff filed a petition under 28

U.S.C. § 2255 (hereinafter, "section 2255") to vacate, set

aside, or correct the sentence he received in United States of

America v. Rosiere, Criminal Action No. 09-720-01 (GEB)

(reassigned to this Court on March 29, 2011).  [Docket Items 1

in Rosiere v. United States of America, Civil Action No. 11-4404

(JBS).]  On September 25, 2012, the Court denied Plaintiff's

application for section 2255 relief, finding, in primary part,

that Plaintiff waived his right to bring a section 2255 petition

---

[5] In so arguing, Plaintiff relies upon Local Civil Rule 101.1.
However, Local Civil Rule 101.1, by its very terms, "does not
govern the appearance of attorneys representing defendants in
criminal cases."  L. CIV. R. 101.1(j).  In addition, the Court
notes that Mr. Feiner represented Plaintiff in the underlying
criminal proceeding as retained, not appointed, counsel.

by entering into a plea agreement.  [Docket Item 20 at 3, 15-

30.]  In so finding, the Court rejected Plaintiff's argument

that the Government failed to disclose certain exculpatory

evidence, in addition to Plaintiff's assertion that he

misunderstood certain aspects of the executed plea agreement.

[Id.]  In addition, the Court specifically concluded, upon

review of the lengthy colloquy during the Federal Rule of

Criminal Procedure 11 hearing, that Plaintiff "knowingly and

voluntarily waived his right to collaterally attack his

sentence" pursuant to section 2255.  [Id. at 30.]  Indeed,

Plaintiff squarely stated that he understood and accepted that

the plea agreement he executed effectuated such a waiver.  [Id.

at 26-27.]

        4.    Plaintiff filed a notice of appeal on October 1, 2012

[Docket Item 22 in 11-4404], and on October 11, 2012, the Court

of Appeals for the Third Circuit entered an Order directing the

Court to either issue a certificate of appealability or to state

reasons why such certificate should not issue.  [Docket Item 26

in 11-4404.]  On October 16, 2012, the Court found that

Plaintiff failed to make a substantial showing of the denial of

a constitutional right, as required for a certificate of

appealability, and, accordingly, concluded that no such

certificate would issue.  [Docket Item 25 in 11-4404.]  The

Court of Appeals for the Third Circuit then denied Plaintiff's

second request for a certificate of appealability on the ground

that he failed "to show that jurists of reason would debate the

District Court's conclusion that he knowingly and voluntarily

waived his right to collaterally attack his conviction and

sentence." [Docket Item 27 in 11-4404.] Despite the prior

findings, Plaintiff thereafter filed the present Complaints.

     5.    As noted by the Court of Appeals for the Third Circuit

in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), section 2255

serves as the "usual avenue" for federal prisoners seeking to

challenge the legality of their confinement or the validity of

their conviction. Id. at 249; see also Okereke v. U.S., 307

F.3d 117, 120 (3d Cir. 2002). Section 2255 specifically

provides that a petitioner may move to vacate, set aside, or

correct a sentence on the grounds "that the sentence was imposed

in violation of the Constitution or laws of the United States,"

that the sentencing court lacked "jurisdiction to impose such

sentence, [] that the sentence was in excess of the maximum

authorized by law," or that such sentence "is otherwise subject

to collateral attack." 28 U.S.C. § 2255. In order to establish

a right to relief in accordance with this standard, a petitioner

must demonstrate "that the sentence has a fundamental defect

resulting in a complete miscarriage of justice, or an omission

inconsistent with the rudimentary demands of fair procedure."

See U.S. v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989); see also

Morelli v. U.S., 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003)

(citations omitted).

6.    Persons seeking relief from a conviction in federal

court, however, must file a single petition under section 2255

for all claims.  A second or successive habeas petition will be

dismissed under 28 U.S.C. § 2244 absent specific and rare

circumstances.  See U.S. v. Miller, 197 F.3d 644, 649 (3d Cir.

1999).  Specifically, the petitioner must first move in the

appropriate court of appeals for an order authorizing the

district court to consider the petition on the grounds of either

(1) newly-discovered evidence that would be sufficient to

establish by clear and convincing evidence that no reasonable

factfinder would have found the petitioner guilty of the offense

or (2) a new rule of constitutional law made retroactive by the

Supreme Court.  28 U.S.C. §§ 2244(a), 2255(h).  Absent

compliance with such requirements, however, the Court lacks

subject matter jurisdiction over any successive application.

See, e.g., Olivera v. Warden Ft. Dix Prison, No. 12-3064, 2013

WL 1144783, at *5 (D.N.J. Mar. 18, 2013); Walsh v. Zickefoose,

No. 12-3961, 2013 WL 504600, at *8 (D.N.J. Feb. 8, 2013).

7.    Here, despite the manner in which Plaintiff labeled

his Complaints, Plaintiff's allegations clearly challenge the

7

validity and legality of his federal sentence.[6]  Indeed,

Plaintiff essentially seeks, in both actions, to have his

sentence "reset" in light of his criminal defense counsel's

purportedly ineffective assistance.  (See, e.g., Compl. [Docket

Item 1 in 14-4373], 24; Compl. [Docket Item 1 in 14-4647], 13.)

In so seeking, however, Plaintiff relies solely upon events that

transpired prior to, or at the time of, Plaintiff's sentencing.

Indeed, as stated above, Rosiere I principally challenges the

substance of the colloquy during sentencing.  (See, e.g., Compl.

[Docket Item 1 in 14-4373].)  Rosiere II similarly challenges

the circumstances surrounding Plaintiff's execution of the

September 17, 2009 plea agreement, as such circumstances existed

at the time of execution.  (Compl. [Docket Item 1 in 14-4647],

13.)

     8.   The Court's Opinion concerning Plaintiff's first

section 2255 petition, however, principally addressed these and

related arguments.  Plaintiff's present Complaints therefore

---

[6] Plaintiff's Complaints do not set forth a clear statement of
jurisdiction, as required by Federal Rule of Civil Procedure
8(a)(1).  Rather, the caption of Plaintiff's Complaints contain
a bevy of citations to federal and state laws.  (See, e.g.,
Compl. [Docket Item 1 in 14-4374], 1; Compl. [Docket Item 1 in
14-4647], 1.)  The Clerk of Court, accordingly, designated these
actions upon the docket as prison civil rights actions pursuant
to 28 U.S.C. § 1983.  However, because the Court concludes that
Plaintiff's Complaints in both action seek to vacate, set aside,
or correct Plaintiff's federal sentence, the Court will direct
the Clerk of Court to designate these actions on the docket as
arising under 28 U.S.C. § 2255.

constitute successive section 2255 petitions.  Plaintiff,
however, has neither sought nor obtained an Order from the Court
of Appeals for the Third Circuit authorizing the Court's
consideration of such an application.  See 28 U.S.C. §
2244(b)(3)(A) ("Before a second or successive application
permitted by this section is filed in the district court, the
applicant shall move in the appropriate court of appeals for an
order authorizing the district court to consider the
application.") (emphasis added).  The Court therefore finds
Plaintiff's Complaints, construed as successive section 2255
petitions, are subject to summary dismissal for lack of subject
matter jurisdiction.  See Lonchar v. Thomas, 517 U.S. 314, 320
(1996) (noting that, "a district court is authorized to dismiss
a [habeas] petition summarily 'when it plainly appears from the
face of the petition and any exhibits annexed to it that the
petitioner is not entitled to relief in the district court'")
(citing Rule 4(b) of the Rules Governing Section 2255
Proceedings); see also Garcia v. U.S., No. 97-2861, 2008 WL
1375571, at *3 (D.N.J. Apr. 9, 2008) ("Without the required
authorization from the Court of Appeals, this Court lacks the
subject matter jurisdiction necessary to consider Petitioner's
motion").  Consequently, to the extent Plaintiff wishes to
pursue his successive section 2255 claims, he must first seek

and obtain permission to do so from the Court of Appeals for the

Third Circuit.

9.    Nor does the Court find that 28 U.S.C. § 2241, a

habeas corpus statute without successive petition limitations,

provides Plaintiff any alternative mechanism for relief.

Indeed, Plaintiff could pursue a section 2241 petition only if

he demonstrated that the remedy under section 2255 would be

"inadequate or ineffective to test the legality of his

detention."  See 28 U.S.C. § 2255(e); see also U.S. v. Brooks,

230 F.3d 643, 647 (3d Cir. 2000).  However, "the inefficacy of

the remedy, not the personal inability to use it," is

determinative.  Cradle v. U.S. ex rel. Miner, 209 F.3d 536, 538

(3d Cir. 2002) (citation omitted); see also Jeffers v. Chandler,

253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255

motion or the inability to meet" the requirements for a second

or successive 2255 motion "does not make § 2255 inadequate or

ineffective."). Consequently, "Section 2255 is not 'inadequate

or ineffective' merely because the sentencing court does not

grant relief, the one-year statute of limitations has expired,

or the petitioner is unable to meet the stringent gatekeeping

requirements of the amended § 2255."  Id. at 539.  Rather, the

provision provides a remedy only where the petitioner

demonstrates: (1) "actual innocence," (2) as a result of a

retroactive change in substantive law that negates the

10

criminality of his conduct, (3) for which the petitioner had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120.

10.  Here, however, Plaintiff's proffer plainly fails to demonstrate Plaintiff's entitlement to pursue relief under section 2241, rather than solely under section 2255.[7]  Indeed, Plaintiff does not claim that any intervening change in law renders the conduct for which he was convicted no longer criminal.  Rather, he relies upon a litany of well-established legal principles regarding the admissibility of evidence, discovery, and attorney ethics. (See, e.g., Compl. [Docket Item 1 in 14-4373]; Compl. [Docket Item 1 in 14-4647].)  Nor does Plaintiff rely upon new, and previously unavailable, evidence tending to negate his conviction.  Instead, Plaintiff relies upon evidence newly received by him, but acknowledges that such evidence existed and was available at the time of sentencing. (See, e.g., Compl. [Docket Item 1 in 14-4373], 3.)  However, even if based in part upon evidence that "just recently [came] to light," Plaintiff's Complaints raise arguments substantively identical to those presented in Plaintiff's first section 2255 petition.  (Compare Pl.'s Pet. [Docket Item 1 in 11-4404], with

_____

[7] Nor has Plaintiff argued entitlement to such relief.  Indeed, Plaintiff's Complaints entirely ignore the Court's Opinion on Plaintiff's first section 2255 petition.

Compl. [Docket Item 1 in 14-4373]; Compl. [Docket Item 1 in 14-4647].)  Indeed, as stated above, Plaintiff's Complaints set forth factual challenges to his federal sentence that he raised—or could have raised—in connection with his first section 2255 petition.  Plaintiff's prior lack of success on these arguments does not enable him to pursue such assertions by way of a section 2241 petition.  See McCall v. Maiorana, No. 14-2040, 2014 WL 5760996, at *3 (W.D. Pa. Nov. 5, 2014) (finding the petitioner's reliance upon "evidence 'newly available' to him" insufficient).  Nor do Plaintiff's alternative and additional assertions indicate that a section 2255 petition provides an inadequate or ineffective mechanism for Plaintiff to pursue habeas relief.  For all of these reasons, the Court finds section 2241 inapplicable.

11.  In sum, because Plaintiff's Complaints constitute second or successive section 2255 petitions, the Court lacks subject matter jurisdiction over such Complaints, without the required authorization from the Court of Appeals for the Third Circuit.  Plaintiff's Complaints will therefore be dismissed, without prejudice, for lack of subject matter jurisdiction.

12.  Moreover, in light of the identified deficiencies, the Court declines to exercise its discretion to directly transfer this action to the Court of Appeals for the Third Circuit.  See 28 U.S.C. § 1631; Robinson v. Johnson, 313 F.3d 128, 139 (3d

Cir. 2002) (noting that when a "second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals").  Rather, to the extent Plaintiff seeks to reinstate such claims, he must first seek authorization to do so from the Court of Appeals for the Third Circuit.  In connection with that submission, Plaintiff must specifically demonstrate to the Court of Appeals for the Third Circuit that Plaintiff's second or successive petition contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).

    13.  An accompanying Order will be entered.

**November 24, 2014**                          **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       Chief U.S. District Judge